

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

KG/PL AGR
2015R00817

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*(973) 645-2700*

July 28, 2016

Mario M. Blanch, Esq.
440 65th Street
West New York, NJ 07093

Cr. 16-427(ES)

Re: <u>Plea Agreement with Lenin Eugenio Basantes</u>

Dear Mr. Blanch:

This letter sets forth the plea agreement between your client, Lenin Eugenio Basantes, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on July 31, 2016 if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Lenin Eugenio Basantes to a one-count Information that charges that Lenin Eugenio Basantes knowingly distributed child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and and 18 U.S.C. § 2. If Lenin Eugenio Basantes enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Lenin Eugenio Basantes for knowingly possessing and distributing child pornography, as defined in 18 U.S.C. § 2256(8)(A), that has been mailed, and using any means and facility of interstate and foreign commerce, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, from on or about July 19, 2013 through on or about November 6, 2015. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Lenin Eugenio Basantes agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Lenin Eugenio Basantes may be commenced against him,

notwithstanding the expiration of the limitations period after Lenin Eugenio Basantes signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(A) to which Lenin Eugenio Basantes agrees to plead guilty carries a statutory mandatory minimum sentence of 5 years, a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that Lenin Eugenio Basantes has a qualifying prior conviction, the violation of 18 U.S.C. § 2252A(a)(2)(A) to which he agrees to plead guilty carries a statutory mandatory minimum sentence of 15 years and a statutory maximum prison sentence of 40 years.

The sentence to be imposed upon Lenin Eugenio Basantes is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Lenin Eugenio Basantes ultimately will receive.

Further, in addition to imposing any other penalty on Lenin Eugenio Basantes, the sentencing judge: (1) will order Lenin Eugenio Basantes to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Lenin Eugenio Basantes to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583, must require Lenin Eugenio Basantes to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should Lenin Eugenio Basantes be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Lenin Eugenio Basantes may be sentenced to not more than 2 years' imprisonment (or 3 years should the Court determine that Lenin Eugenio Basantes has a qualifying prior conviction making his maximum term of imprisonment 40 years) in addition to any prison term previously imposed,

regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should Lenin Eugenio Basantes be placed on a term of supervised release and subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, Lenin Eugenio Basantes must be sentenced to at least 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Lenin Eugenio Basantes by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Lenin Eugenio Basantes's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Lenin Eugenio Basantes agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Lenin Eugenio

Basantes from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Lenin Eugenio Basantes waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Lenin Eugenio Basantes agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all computers, computer accessories, and a cellular telephone seized on or about November 4, 2015, on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property ("Forfeitable Property"). See 18 U.S.C. § 2253.

Lenin Eugenio Basantes further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Lenin Eugenio Basantes agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Lenin Eugenio Basantes understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, Lenin Eugenio Basantes waives any and

all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Restitution

Pursuant to 18 U.S.C. §§ 2259, 3663(a)(1)(A), and 3663(a)(3), Lenin Eugenio Basantes agrees to pay restitution to any victims of the offense of conviction. In addition, pursuant to 18 U.S.C. §§ 3663(a)(1)(A), and 3663(a)(3), Lenin Eugenio Basantes agrees to pay restitution to any victims of child pornography possessed by Lenin Eugenio Basantes as of on or about November 6, 2015, even though such victims are not victims of the offense of conviction.

Immigration Consequences

Lenin Eugenio Basantes understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Lenin Eugenio Basantes understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Lenin Eugenio Basantes wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Lenin Eugenio Basantes understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Lenin Eugenio Basantes waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Registration Consequences

Lenin Eugenio Basantes understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Lenin Eugenio Basantes wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. Lenin Eugenio Basantes understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Lenin Eugenio Basantes waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any

kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

Lenin Eugenio Basantes has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Lenin Eugenio Basantes resides; where he is an employee; and where he is a student. Lenin Eugenio Basantes understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Lenin Eugenio Basantes further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Lenin Eugenio Basantes has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Lenin Eugenio Basantes. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Lenin Eugenio Basantes.

No provision of this agreement shall preclude Lenin Eugenio Basantes from pursuing in an appropriate forum, when permitted by law, an

appeal, collateral attack, writ, or motion claiming that Lenin Eugenio Basantes received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Lenin Eugenio Basantes and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: KELLY GRAVES
Assistant U.S. Attorney

APPROVED:

MARY E. TOSCANO
Chief, General Crimes Unit

I have received this letter from my attorney, Mario M. Blanch, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____            Date: 8/01/16
Lenin Eugenio Basantes

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____            Date: 8/1/16
Mario M. Blanch, Esq.

- 8 -

## Plea Agreement With Lenin Eugenio Basantes

### Schedule A

1. This Office and Lenin Eugenio Basantes recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Lenin Eugenio Basantes nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Lenin Eugenio Basantes within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Lenin Eugenio Basantes further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case. The applicable guideline is U.S.S.G. § 2G2.2(a)(2).

3. This guideline carries a Base Offense Level of 22.

4. The material involved a prepubescent minor or a minor who had not attained the age of 12 years. The offense level is therefore increased by 2 levels. U.S.S.G. § 2G2.2(b)(2).

5. The offense involved distribution other than distribution described in § 2G2.2(b)(3)(A)-(E). The offense level is therefore increased by 2 levels. U.S.S.G. § 2G2.2(b)(3)(F).

6. The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. The offense level is therefore increased by 2 levels. U.S.S.G. § 2G2.2(b)(6).

7. The offense involved 600 or more images. The offense level is therefore increased by 5 levels. U.S.S.G. § 2G2.2(b)(7)(D).

8. No other specific offense characteristics apply.

9. As of the date of this letter, it is expected that Lenin Eugenio Basantes will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Lenin Eugenio Basantes's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

10. As of the date of this letter, it is expected that Lenin Eugenio Basantes will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Lenin Eugenio Basantes's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Lenin Eugenio Basantes enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Lenin Eugenio Basantes's acceptance of responsibility has continued through the date of sentencing and Lenin Eugenio Basantes therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Lenin Eugenio Basantes's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Lenin Eugenio Basantes is 30 (the "agreed total Guidelines offense level"), subject to any applicable statutory mandatory minimum.

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Lenin Eugenio Basantes reserves the right to seek a variance down to the mandatory minimum sentence of 60 months' imprisonment. This Office reserves the right to oppose this variance and to argue for a sentence up to and including the statutory maximum penalty.

13. Lenin Eugenio Basantes knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 30. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 30. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.